508 A.2d 330

**Gerald A. MAYCOCK, Appellant,**

**v.**

**GRAVELY CORPORATION, a/k/a Clark Gravely Corporation, Gravely International, Inc., Gerald Maycock and Carol Ruth Gilmore Tome, the Executrix of Ruth Gilmore.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1986.

Filed May 2, 1986.

422

Eugene J. Brew, Jr., Erie, for appellant.

Natalie A. Dwyer, Erie, for appellees.

Before CIRILLO, President Judge, and DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

This appeal is taken from an Order of the trial court granting Appellee's Motion for Judgment on the Pleadings and dismissing and denying Appellant's Motion for Partial Summary Judgment and Motion for Sanctions.

Initially, we note that, "[t]he grant of a judgment on the pleadings has been held to be a final order.... Such a judgment is dispositive of all issues raised by the case and is, therefore, an appealable order." *Indiana County Hos-*

*pital v. McCarl's Plumbing,* 334 Pa.Super. 226, 228–229, 496 A.2d 767, 768 (1985).

"The standard by which we review a motion for judgment on the pleadings is identical to that which we use to review the sustaining of a demurrer." *Stein v. Richardson,* 302 Pa.Super. 124, 137, 448 A.2d 558, 564 (1982). "In determining whether a demurrer should be sustained and the complaint dismissed the question is whether, on the facts averred, the law says with certainty that no recovery is possible: (citations omitted)." *Stein v. Richardson, supra,* 302 Pa.Super. at 137, 448 A.2d at 564. It is only where no material facts remain in dispute and "the moving party's right to prevail is so clear that a trial would be a fruitless exercise should a judgment on the pleadings be entered." *Williams v. Lewis,* 319 Pa.Super. 552, 555, 466 A.2d 682, 683 (1983).

Appellant, born September 17, 1963, alleges that on May 13, 1967 he was struck by a lawn mower manufactured by Appellee, Gravely Corporation, a/k/a Clark Gravely Corporation, Gravely International, Inc., (Gravely), operated by his father, Gerald Maycock, also a named defendant, on property owned by the Estate of Ruth Gilmore. According to the complaint, the injury sustained from this incident resulted in the amputation of Appellant's right leg.

On September 17, 1981, Appellant attained the age of 18 years. It was not until September 15, 1983 that Appellant initiated an action against the above-named defendants by filing a Writ of Summons in Trespass and Assumpsit. The Summons was never served and on May 1, 1984, a Praecipe to reissue the Writ of Summons was filed. The Summons was not served at that time either. Finally, on June 11, 1984, the Appellant filed a Complaint in Trespass and Assumpsit alleging a product liability claim, negligence in the manufacture and sale of the mower as well as a cause of action based on breach of warranty. Following the filing of an answer with New Matter pleading the affirmative defense of the applicable statutes of limitations,[1] Appellee

---

1. 42 Pa.C.S.A. §§ 5524 and 5525.

Gravely, subsequent to Appellants reply, filed a Motion for Judgment on the Pleadings claiming the action was time-barred. The trial court agreed and this appeal ensued.

Appellant advances two arguments on appeal:

1. A history of the statutes tolling the statute of limitations during disability indicates that the 1713 Statute was in effect until repealed in 1978 by JARA Legislation.

2. The Act passed in 1984 tolling the statute for minors should be applied retroactively.

Appellant's first argument involves an historical analysis of the tolling of statutes of limitation during minority. It is said that the "Act of March 27, 1713 (1 Small's Laws 76) 12 P.S. 31 et seq. provided that all actions of trespass be commenced within 6 years, and also that any person who was within the age of 21 years 'shall be at liberty to bring the same actions ... after coming to or being of full age.' 12 P.S. 35 (Repealed)." (Appellant's Brief at 6). It is Appellant's contention that this Act remained in effect until repealed in 1978 by JARA Legislation.

Appellant concedes at the outset, as he must, that the Supreme Court of Pennsylvania in *Peterson v. Delaware River Ferry Co.*, 190 Pa. 364, 42 A. 955 (1899) held that the Act of June 24, 1895, P.L. 236 being a general Act in the nature of a Statute of Limitations made no exceptions in favor of minors. Indeed, the Court stated, "Its terms are general, and make no exceptions in favor of persons under disability. The settled rule is that infants as well as others are bound by the provisions of such statutes." *Peterson v. Delaware River Ferry Co., supra,* 190 Pa. at 365, 42 A. at 955. Appellant further concedes that *Peterson* was re-affirmed in *Von Colln v. Pennsylvania Railroad Co.*, 367 Pa. 232, 80 A.2d 83 (1951) and still more recently in *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967).

Appellant also acknowledges that effective June 27, 1978, 42 Pa.C.S.A. § 5533 declared:

Except as otherwise provided by statute, *infancy,* insanity or imprisonment *does not extend the time limited* by this subchapter *for the commencement of a matter.* (emphasis added).

It was not until 1984 that the statute was amended to read:

§ 5533. Infancy, insanity or imprisonment.

(a) General rule.—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

(b) Infancy.—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subchapter the term "minor" shall mean any individual who has not yet attained the age of 18.

As amended 1984, May 30, P.L. 337, No. 67, § 1 effective in 30 days.

The argument on this issue is concluded by the Appellant with the statement that, "[b]y overruling *Peterson, supra,* this Court could get Pennsylvania back on track, by holding that the Act of 1713 was not repealed by the Act of 1895, and that the tolling statute for minors remained in effect until 1978, and was placed back in effect in 1984." (Appellant's Brief at 7–8) "[N]eedless to say, the Superior Court cannot overrule Supreme Court decisions." *Commonwealth v. Edrington,* 317 Pa.Super. 545, 552 n.3, 464 A.2d 456, 460 n. 3 (1983). We therefore consider this issue no further.

Appellant next contends that 42 Pa.C.S.A. § 5533 as amended 1984, and set forth above, should be applied retroactively. Appellant acknowledges, and as the trial court found, The Statutory Construction Act of 1972, 1 Pa.C.S.

§ 1926 [2], provides, "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Appellant, not to be dissuaded, argues that a statute of limitations tolling the limitation period for minors is a statute affecting a party's procedure for enforcing rights and remedies, and does not affect the substantive rights and obligations of the parties. Being procedural in nature, 42 Pa.C.S.A. § 5533(b) is said to apply to existing proceedings and pending claims.

Initially we note there is no clear and manifest intent by the General Assembly that 42 Pa.C.S.A. § 5533(b) be applied retroactively. In *Commonwealth v. Baysore*, 349 Pa.Super. 345, 503 A.2d 33 (1986) this Court recently addressed the question of the retroactive application of legislation which lengthened the statute of limitations for theft. The Act in question merely stated it shall take effect in 60 days. We noted that the legislature clearly can and does manifest its intent when amendments are to be applied retroactively. "For example, when the legislature added 42 Pa.C.S. § 762(a)(1)(ii), relating to Commonwealth Court jurisdiction over appeals from the Court of Common Pleas, it provided that this act 'shall take effect immediately and shall be retroactive to December 5, 1980'" *Commonwealth v. Baysore, supra*, 349 Pa.Super. at 349, 503 A.2d at 35.

Our attention has been directed by Appellant to this Court's decision in *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa.Super. 470, 16 A.2d 754 (1940), wherein it was said:

As stated in 37 C.J. 697 § 15; 'The fact that a statute of limitations is postponed in its operation, and is not to take effect from its passage, has been held to be a circumstance showing that the statute was intended to be retrospective in its operation and therefore applicable to existing, as well as prospective, causes of action......' As we have already indicated, changes in procedure may properly have a retroactive as well as prospective application and this rule is quite generally applied to statutes of limitation, aside from the question of postponement of the

2. Act of Dec. 6, 1972, P.L. 1339, No. 290, § 3, imd. effective.

operation of the statute. See 37 C.J. 695, § 12, where it is said: '...... the rule is frequently laid down that inasmuch as statutes of limitation affect the remedy only, the *statute in force at the time of suit brought* governs the case and operates, in the absence of saving clauses, on causes of action *accruing* prior to its passage, especially if the statute *extends,* instead of shortens, the pre-existing limitation period......'

*Seneca v. Yale & Towne Mfg. Co., supra,* 142 Pa.Super. at 477, 16 A.2d at 757.

We direct Appellant's attention to the recent Commonwealth Court summary of *Seneca* which indicates the flaw in Appellant's argument. The court pointed out *Seneca,* "concluded that a new statute of limitations, being procedural in nature, should apply to litigation existing at the time of its passage and to cases where the right to sue has accrued *but not yet expired under the former statute of limitations." In re Condemnation of Real Estate by Carmichaels,* 88 Pa.Commonwealth Ct. 541, 545, 490 A.2d 30, 32 (1985) (emphasis added). Therein lies the distinction. In the case *sub judice,* the right to sue has accrued but expired under the applicable statutes of limitation prior to the effective date of 42 Pa.C.S.A. § 5533(b). "As to causes which are not barred, a statute of limitations may be extended, or even repealed." *Overmiller v. D.E. Horn & Co.,* 191 Pa.Super. 562, 568, 159 A.2d 245, 247–248 (1960). However, "after an action has become barred by an existing statute of limitations, no subsequent legislation will remove the bar or revive the action." [3] *Overmiller v. D.E. Horn & Co., supra,* 191 Pa.Super. at 568, 159 A.2d at 248. It is

---

**3.** As we have stated, there is no clear and manifest intent by the General Assembly that 42 Pa.C.S.A. § 5533(b) be applied retroactively. There is also no indication that the Legislature attempted to revive claims such as Appellants which have been barred, "but had the legislature made any such attempt there is authority to indicate that it would be unconstitutional: *Stewart v. Keys,* 1935, 295 U.S. 403, 416, 417, 55 S.Ct. 807 [812–813], 79 L.Ed. 1507; *Bagg's Appeal,* [43 Pa. 512, 82 Am.Dec. 583 (1862) ]" *Overmiller v. D.E. Horn & Co., supra,* 191 Pa.Super. at 572, 159 A.2d at 249. See also, *Oneida County, N.Y. v. Oneida Indian Nation of New York State,* 470 U.S. 226, ——, 105 S.Ct. 1245, 1271 n. 29, 84 L.Ed.2d 169, 203 (1985) (Stevens, J., dissenting).

unnecessary to decide whether 42 Pa.C.S.A. 5533(b) is a procedural statute not affecting the substantive rights for in either event Appellants claim is time-barred.

We hold that a minor injured prior to the effective date of 42 Pa.C.S.A. § 5533(b), who attained majority before the effective date, and whose claims are time-barred by applicable statutes of limitations prior to the effective date of § 5533(b) cannot rely on this section to revive a barred claim.[4]

Order affirmed.

**4.** The Pennsylvania Trial Lawyers Association as Amicus Curiae argues there are potentially four categories of minors:

1. those injured after the effective date of 42 Pa.C.S.A. § 5533(b);

2. those injured prior to the effective date, who even without the benefit of the statute would have time to commence an action under the applicable "adult" Statute of Limitations;

3. those injured prior to the effective date of the Act who are still minors on the effective date but have run out of time to commence a lawsuit to protect the "adult" Statute of Limitations.

4. those injured prior to the effective date of the Act who attained majority as of the effective date.

It is the position of the Pennsylvania Trial Lawyers Association that the application of 42 Pa.C.S.A. § 5533(b) to categories 1, 2, and 3 would not require a retroactive application of the statute. We express no opinion in this regard.