518 A.2d 276

**Cherlyn CLARK, Appellant,**

v.

**Gene JETER.**

Superior Court of Pennsylvania.

Argued March 26, 1986.

Filed Oct. 23, 1986.

Reargument Denied Dec. 18, 1986.

Eileen D. Yacknin, Pittsburgh, for appellant.

Craig A. McClean, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order dismissing appellant's complaint for support. Appellant, the natural mother of a child born on June 11, 1973, filed a support action on behalf of the child against appellee, the putative father of the child, in August, 1983, approximately two years and two months after appellee had last provided financial support for the child. Appellee filed an answer and new matter denying paternity and raising the six-year statute of limitations, 42 Pa.C.S. § 6704, as a defense. The trial court dismissed the petition because it was barred by the statute of limitations, because case law had held the statute to be constitutional, and because appellee engaged in no activity justifying the tolling of the statute of limitations.

Appellant has appealed from the order dismissing the action and argues: 1) that the trial court erred in concluding that the six year statute of limitations for support/paternity actions brought on behalf of children born out of wedlock does not violate the equal protection and due process clauses of the United States Constitution;[1] and 2) that the trial court erred in refusing to toll the statute of limitations based on appellee's abusive conduct towards appellant.

1. Appellant has provided no notice to the Attorney General of her constitutional challenge to the statute in violation of Pa.R.C.P. 235 and Pa.R.A.P. 512.

Following the filing of the appeal, the legislature enacted a new statute of limitations applicable to determinations of paternity relative to an action for support as follows:

§ 4343.  Paternity.

(b) Limitations of actions.—An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child.

Act of October 30, 1985, P.L. 264, No. 66, Subchapter C § 4343(b) [to be codified at 23 Pa.C.S. § 4343(b)].  Appellant petitioned the Superior Court to remand the case to the trial court prior to the Superior Court's disposition of the aforementioned issues so that the trial court could decide the issue of the retroactivity of the new statute, for if the new statute is to be given retroactive application, then the arguments raised on appeal are moot.  Appellant's petition to remand was denied.  However, we will address the issue of whether the 18 year statute of limitations should be given retroactive effect.

## I.

### A.

■ The Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, provides, "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."  The new 18 year statute of limitations itself makes no provision for retroactive application, but provides only that the act shall take effect in 90 days.  1985 Pa.Legislative Service # 4, P.L. 264, No. 66, § 4 p. 106. However, when the legislature wants to make a statute retroactive, it clearly and unambiguously does so.  For example, when the legislature amended the act providing for Commonwealth Court jurisdiction, it included a clause stating that the act "shall take effect immediately and shall be retroactive to December 5, 1980."  Section 404(1) of Act 1982, December 20, P.L. 1409, No. 326.  Not only does the

18 year statute of limitations for paternity/support actions not include language suggesting that it was intended to be applied retroactively, but there is no legislative history to support retroactive application of the act. Therefore, we hold that the 18 year statute of limitations for paternity/support actions is not to be applied retroactively.

We find support for our conclusion in *Maycock v. Gravely Corporation*, 352 Pa.Super. 421, 508 A.2d 330 (1986). In *Maycock*, 42 Pa.C.S. § 5533, which tolls the running of the statute of limitations for civil actions during minority, was held not to apply retroactively to a claim which had been barred under the previous statute of limitations in the absence of a clear intention of the legislature for the act to be retroactive. Although not identical to the new paternity/support statute of limitations, the statute of limitations involved in *Maycock* is similar in several material respects for determining retroactivity. Both statutes greatly expand the period during which a minor's cause of action can be brought; both conspicuously lack any indication that the legislature intended for them to be applied retroactively; and both provide a prospective effective date only. Therefore, just as the statute of limitations in *Maycock* is not retroactive, so too is the paternity/support statute of limitations not retroactive.

## B.

Even if the statute were to be given retroactive effect, however, it could not revive appellant's cause of action and her complaint would still be time barred. Several courts of this Commonwealth have held that a retroactive statute of limitations can apply only to actions which have not been concluded or barred under the former statute. *Upper Montgomery Joint Authority v. Yerk*, 1 Pa.Cmwlth. 269, 274 A.2d 212 (1971). If the right to sue under the prior statute of limitations has not expired, then the new statute of limitations can be applied retroactively. *In re Condem-*

*nation of Real Estate by Carmichaels,* 88 Pa.Cmwlth. 541, 490 A.2d 30 (1985), interpreting *Seneca v. Yale and Towne Manufacturing Co.,* 142 Pa.Super. 470, 16 A.2d 754 (1940). However, once the right to sue has expired, no subsequent legislation can revive it. *Overmiller v. D.E. Horn and Co.,* 191 Pa.Super. 562, 159 A.2d 245 (1960).

█ In the instant case, the child was born in 1973, and the last voluntary support payment for the child from appellee was made in June, 1981, two years and two months prior to the filing of the complaint for support in August, 1983. The statute of limitations applicable when the Complaint was filed required the action to be commenced within six years of the birth of the child or within two years of the last written admission of paternity or voluntary payment of support. 42 Pa.C.S. § 6704(e). Thus appellant's cause of action expired in June 1983 when the child was ten years old and two years after appellee's last voluntary support payment. The new 18 year statute of limitations became effective in January, 1986, some two and one-half years after appellant's cause of action expired. Therefore, even retroactive application of the new 18 year statute of limitations would not affect appellant's rights.

## II.

█ Having determined that the new statute of limitations shall not be applied retroactively and that even if it were applied retroactively, it would not remove the time bar on appellant's action, we now address the arguments raised by appellant as to why the six year statute of limitations should not be applied.

The six year statute of limitations provides:

(e) Limitation of actions.—All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall

have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father.

42 Pa.C.S. § 6704(e). This act is included within the general provisions regarding support actions, and it applies only to an action to determine paternity brought pursuant to a support action. Therefore, it applies only to children born out of wedlock who must establish paternity prior to seeking support. It does not directly preclude all children from obtaining support after the six year period has run or after a putative father ceases to make voluntary support payments for two years, but only precludes children born out of wedlock from establishing paternity. However, because establishment of paternity is a prerequisite to a support order, the statute of limitations operates to deny children born out of wedlock the right to seek support long before they reach majority unless the child, through his guardian, has already had his paternity established.

Appellant argues that the six year statute of limitations deprives a child born out of wedlock the equal protection of the laws and therefore is unconstitutional. In *Mills v. Habluetzel*, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), the Supreme Court held that the period during which support suits can be brought on behalf of illegitimate children must be sufficiently long to allow a reasonable opportunity for the claim to be brought and the limitation on such suits must be substantially related to the state's interest in avoiding the initiation of stale claims. In *Mills*, the court found a one year statute of limitations to deny equal protection; in *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), the court similarly found that a two year statute of limitations was unconstitutional. In *Astemborski v. Susmarski*, 502 Pa. 409, 466 A.2d 1018 (1983) the Pennsylvania Supreme Court held that in light of *Mills* and *Pickett*, the Pennsylvania six year statute of

limitations on paternity/support actions for children born out of wedlock did not deny equal protection because six years provided ample opportunity for a support action to be brought after birth-related financial and emotional problems had subsided and because the state's interest in avoiding claims of paternity where the proof of paternity had become stale was substantially related to the six year statute of limitations.

Appellant recognizes that the Pennsylvania Supreme Court has held that the statute does not deny equal protection based upon *Mills* and *Pickett*. Appellant also recognizes that the Superior Court cannot overrule a decision of the Pennsylvania Supreme Court. *Commonwealth v. Edrington*, 317 Pa.Super. 545, 464 A.2d 456 (1983). However, appellant suggests that we should "carefully scrutinize the logic" utilized in *Astemborski* to uphold the statute.

Appellant argues that a six year statute of limitations in paternity actions is not substantially related to the state's purported interest in precluding paternity actions in which the proof is stale. If the state had a legitimate and substantial interest in precluding paternity claims where the proof other than blood tests was non-existent or dimmed by the passage of time, then, appellant argues, the state would consistently place time limitations on all paternity determinations. However, the state has not done this. For example, the Probate, Estates and Fiduciaries Code includes no limitations on the time in which a child must establish paternity in order to inherit from the putative father. 20 Pa.C.S. § 2107(c)(3). Thus, the state does not have a legitimate and substantial interest in limiting the time in which paternity actions for support must be brought, and the Pennsylvania statute does not satisfy the second requirement of *Mills*.

Further authority for this position is found in *State ex rel Adult and Family Services v. Bradley*, 295 Or. 216, 666 P.2d 249 (1983). In this case, the Supreme Court of Oregon

held unconstitutional on equal protection grounds a six year statute of limitations on paternity actions for out-of-wedlock children. The court stated that the equal protection clause requires at a minimum that states refrain from totally precluding illegitimate children from exercising their rights for reasons of proof problems alone. *Jimenez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); see also *Bradley, Id.,* at 253, n. 12, 666 P.2d 249. Therefore, any restraints on the rights of children born out of wedlock to establish paternity must relate specifically to problems of proof in establishing paternity. The court examined the Oregon statutes and found that the proof problem had been addressed by the provisions regarding the use of blood tests (O.R.S. 109.258) and by the requirement of evidence of paternity corroborating the mother's testimony. (O.R.S. 109.145). The court stated that "although proof of paternity in some cases may become difficult with the passage of time, that possibility does not condone the total preclusion of illegitimate children beyond a certain age from attempting to ascertain their father's identity," *Bradley, Id.,* at 254, 666 P.2d 249. Thus the court held that the six year statute of limitations denied equal protection, especially where a child could bring a paternity action up to ten years after the death of a parent to determine his right to inherit from the deceased putative father.

In *Astemborski,* the Pennsylvania Supreme Court did not consider that proof of paternity problems have been addressed by other Pennsylvania statutes such as 42 Pa.C.S. § 6136 which provides that blood tests can be conclusive as to paternity,[2] nor that the legislature has already expressed a lack of state interest in proof problems in paternity actions by placing no limitation on when a child must

2. Case law holds that blood tests are admissible as some evidence of paternity but are not conclusive. *Olson v. Dietz,* 347 Pa.Super. 1, 500 A.2d 125 (1985); *Connell v. Connell,* 329 Pa.Super. 1, 477 A.2d 872 (1984); *Turek v. Hardy,* 312 Pa.Super. 158, 458 A.2d 562 (1983).

establish paternity in order to inherit by intestate succession. Similarly the court did not address the seeming inconsistency of limiting out of wedlock children's rights to support by allowing them to establish paternity only within six years of the date of birth or within two years of the last voluntary support payment, but to place no limitation on the putative parent's right to establish paternity at any time and thereafter seek enforcement of his parental rights. *See: In re Mengel,* 287 Pa.Super. 186, 429 A.2d 1162 (1981) (unwed putative father has standing to establish paternity through a petition for declaratory judgment.) Despite the logic of these considerations and their acceptance in developing case law, the Pennsylvania Supreme Court has thus far remained steadfast in its holding that the six year statute of limitations is constitutional. As an intermediate appellate court, we are bound by the decisions of the Supreme Court. Therefore, we hold that the six year statute of limitations, 42 Pa.C.S. § 6704(e), does not deny equal protection.

### III.

■ Appellant also argues that the six year statute of limitations denies due process of law. Even though a child has a right to support throughout his minority, a child born out of wedlock can only sue to receive the support to which he is entitled by bringing an action within six years of birth or two years of the putative father's last voluntary support. Moreover, the statute, which limits when the action must be brought, requires that the complaint for support of a minor child be brought by the person having custody of the child. 20 Pa.C.S. § 6704(b). Thus, although it is the child's right to support, the child's custodian has exclusive control to exercise or not to exercise the child's right. By failing to commence an action for the child's support within the statute of limitations, the custodian can forfeit the child's right to ever receive support from the putative father. Therefore, appellant argues, the child is denied due process.

In some jurisdictions which have considered the due process argument against paternity statutes of limitations, the controlling issue has been whether the statute precludes the child's only avenue for enforcement of the parent's obligation for support. In some jurisdictions, the statutory procedure for obtaining support, to which the statute of limitations applies, is not the exclusive means of establishing paternity and support. *Kaur v. Singh Chawla*, 11 Wash.App. 362, 522 P.2d 1198 (1974) (to keep the statute of limitations from being declared unconstitutional, the court held that the statutory filiation procedures were not the exclusive means of securing the child's right to support); *Huss v. DeMott*, 215 Kan. 450, 524 P.2d 743 (1974) (a child has a common law cause of action separate from the statutory bastardy proceedings). And in some jurisdictions, the statute of limitations has been interpreted as applying only to the mother or guardian's right and not to the child's right. *Doak v. Milbaurer*, 216 Neb. 331, 343 N.W.2d 751 (1984); *Huss v. DeMott*, 215 Kan. 450, 524 P.2d 743 (1974).

The only procedure for bringing a paternity and support action in Pennsylvania is pursuant to the support statute. 42 Pa.C.S. § 6701 *et seq.* Yet under this statute, the child's custodian must bring the action and must do so while the child is still a minor. If the person who has custody of the child fails to file a complaint for support/paternity before the child is six years old, the child is foreclosed from seeking and obtaining support throughout the remainder of his minority even though, in theory, he has the right to support until he reaches majority.

It is the settled rule in Pennsylvania, "that it is not violative of any constitutional rights to hold minors bound equally with adults to the prescribed statutory periods within which legal causes of action may be brought." *Petri v. Smith*, 307 Pa.Super. 261, 453 A.2d 342 (1982); *Von Colln v. Pennsylvania Railroad Co.*, 367 Pa. 232, 80 A.2d 83 (1951). In *DeSantis v. Yaw*, 290 Pa.Super. 535, 434 A.2d 1273 (1981) a panel of the Superior Court seriously ques-

tioned the continuing validity of the Supreme Court's rule stating: "a chose in action is a form of personal property that without question now belongs to the injured child himself, and yet he is legally debarred from pursuing his claim." *Id.,* 290 Pa.Superior Ct. at 542, 434 A.2d at 1276. The Supreme Court has not re-addressed the issue of whether children who are held to be equally bound to statutes of limitations with adults are denied due process, and the Superior Court has been compelled to continue to follow the long-established rule. *Stein v. The Washington Hospital,* 302 Pa.Super. 124, 448 A.2d 558 (1982). Until the Supreme Court changes its rule, we are bound to follow it. Therefore, we hold that the six year statute of limitations, 42 Pa.C.S. § 6704(e), does not deny due process.

## IV.

Appellant's final argument is that appellee should be equitably estopped from raising the statute of limitations as a defense because of his conduct towards her. Appellant avers that when she told appellee that she was pregnant with his child, he physically abused her and threatened her in order to prevent her from listing him as the child's father on the birth certificate. As found by the trial court, however, even if appellee did threaten and abuse appellant, this behavior lasted only a few years after 1972, and there were at least six years in which to have commenced the action after the abuse ceased. Therefore, we find no merit to this argument.

Order affirmed.