520 A.2d 874

**Vera LEWIS, in her own right and as a parent and natural guardian of Richard Lewis, a minor, Appellant,**

**v.**

**CITY OF PHILADELPHIA, Charles Brown, Marvin Bunton and Ronald Core.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1986.

Filed Jan. 28, 1987.

Bruce W. Jennings, Philadelphia, for appellant.

Before CIRILLO, President Judge and ROWLEY and BECK, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

■ This is an appeal from an order granting appellees' preliminary objections and dismissing the personal injury complaint filed on behalf of Richard Lewis, a minor. On June 24, 1981, Richard slipped on a sidewalk adjacent to a construction area and fell into a wall which was under construction. Suit was filed against the owner of the building under construction, and on February 7, 1986, suit was filed against the City of Philadelphia. The City filed preliminary objections on the ground that the two year statute of limitations, 42 Pa.C.S. § 5524, barred the minor's claim.[1] The trial court granted the preliminary objections and dismissed the complaint.

■ On appeal, appellant argues that 42 Pa.C.S. § 5533(b), which became effective on June 29, 1984 and

1. Appellant has not objected to the City's use of preliminary objections, rather than new matter, for raising the statute of limitations defense in violation of Pa.R.C.P. 1030. See: *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986). However, this issue was raised neither in the trial court nor on appeal and therefore has been waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

which tolls the statute of limitations during a person's minority, should apply.[2] Based on this Court's decisions in *Clark v. Jeter*, 358 Pa.Super. 550, 518 A.2d 276 (1986) and *Maycock v. Gravely Corporation*, 352 Pa.Super. 421, 508 A.2d 330 (1986), we affirm.

In *Maycock*, the plaintiff was born in 1963 and was injured by a lawn mower in 1967. Two days before his twentieth birthday, on September 15, 1983, the plaintiff sued the manufacturer of the lawn mower by filing a writ of summons. The complaint was filed on June 11, 1984. The defendants filed a motion for judgment on the pleadings which was granted because the plaintiff's cause of action had expired in 1969. On appeal, the appellant argued that 42 Pa.C.S. § 5533 should be applied retroactively to existing proceedings and pending claims because it is procedural and does not affect the substantive rights and obligations of the parties. Noting that 42 Pa.C.S. § 5533 is silent with regard to its retroactive application, and noting that where a right to sue has expired under the applicable statute of limitations prior to the effective date of a new and longer statute of limitations, the new statute of limita-

**2.** None of the three reasons presented by appellant to support her argument has merit. First, contrary to her assertion that the statement in the legislative history, that without the tolling of the statute of limitations during minority, many minor victims would lose their right to recover damages, shows an intent to apply the statute retroactively, the statement in the legislative history is silent with regard to retroactivity and simply shows the reason for changing the statute.

Second, appellant relies on *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957) and *Gehris v. Commonwealth, Dept. of Transportation*, 471 Pa. 210, 369 A.2d 1271 (1977) to argue that she is not seeking retroactive application. This argument is misplaced because *Creighan* and *Gehris* involve application of new statutory causes of action and do not concern a new statute of limitations applied to a previously existing cause of action.

Finally, appellant's reliance on *Williams v. Wolfe*, 297 Pa.Super. 270, 443 A.2d 831 (1982) is also misplaced. *Williams* and *Hatfield v. Hazelbaker*, 306 Pa.Super. 555, 452 A.2d 863 (1982) are inapplicable because they do not involve the issue of the revival of an expired cause of action. Rather, they held that a civil claim for paternity was unaffected by extinguishment of the criminal cause of action for paternity because the civil cause of action had not been extinguished.

tions cannot revive the expired cause of actions,[3] the Court held:

that a minor injured prior to the effective date of 42 Pa.C.S.A. § 5533(b), who attained majority before the effective date, and whose claims are time-barred by applicable statutes of limitations prior to the effective date of § 5533(b) cannot rely on this section to revive a barred claim.

*Maycock v. Gravely, Id.,* 352 Pa.Superior Ct. at 428, 508 A.2d at 334.

Following the rationale in *Maycock,* the Court concluded in *Clark* that a minor's paternity claim in a civil support action which had expired under 42 Pa.C.S. § 6704 could not be revived by the new 18 year statute of limitations, 23 Pa.C.S. § 4343(b). In *Clark* the putative father voluntarily paid support until June 1981, when the child was 11 years old. Two years and two months later, in August, 1983, while the child was still a minor, a complaint for support raising the issue of paternity was filed. Under 42 Pa.C.S. § 6704(e), the statute of limitations for support/paternity was six years from the birth of the child or two years following the last voluntary payment of support. Therefore, because the complaint for support was not filed until two years and two months after the putative father's last voluntary support payment when the child was 11 years old, 42 Pa.C.S. § 6704(e) barred the action. Only after the time-barred complaint was filed did the 18 year statute of limitations become effective. Therefore, just as in *Maycock,* the plaintiff sought to apply a new, lengthier statute of limitations to a time-barred action which was pending. Following the rationale of *Maycock,* and noting that no statute is to be construed to be retroactive in the absence of the clear and manifest intent of the legislature, 1 Pa.C.S. § 1926, the court denied the claim of retroactivity in *Clark.*

**3.** *See: In re Condemnation of Real Estate by Carmichaels,* 88 Pa. Cmwlth. 541, 490 A.2d 30 (1985); *Upper Montgomery Joint Authority v. Yerk,* 1 Pa.Cmwlth, 269, 274 A.2d 212 (1971); *Overmiller v. D.E. Horn and Co.,* 191 Pa.Super. 562, 159 A.2d 245 (1960); and *Seneca v. Yale and Towne Manufacturing Co.,* 142 Pa.Super. 470, 16 A.2d 754 (1940).

The instant case is distinguishable from *Maycock* only on the ground that the minor plaintiff in the present case was still a minor when the action was commenced, whereas in *Maycock*, the injured minor had reached his majority almost two years before he commenced the action. This distinction, however, is irrelevant. The basis of the holdings in *Maycock* and *Clark* is that the statute is silent as to retroactivity and that expired causes of action cannot be revived. In *Clark*, *Maycock*, and the instant case, the causes of action had expired before the new statutes of limitations became effective, and the statutes are silent as to retroactivity. Therefore, we find that the age of the plaintiff at the time the action commenced is immaterial to the retroactivity of the statute of limitations which became effective after the applicable statute of limitations expired. We hold that a minor injured prior to the effective date of 42 Pa.C.S. § 5533(b) and whose claims are time-barred by the applicable statute of limitations prior to the effective date of § 5533(b) cannot rely on § 5533(b) to revive the barred claim.

Order affirmed.