520 A.2d 883

**Billy K. REDENZ, by his natural parents and guardians, Dennis REDENZ and Janet Redenz, Appellants,**

**v.**

**Bard ROSENBERG and Charlotte Rosenberg, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1986.

Filed Jan. 30, 1987.

William T. Jorden, Philadelphia, for appellants.

Bruce A. Barrett, Assistant Public Defender, Meadville, for appellees.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Crawford County, granting a motion for dismissal. We affirm.

On March 20, 1982, appellant, one year old Billy Redenz, burned his hand on a heater in a mobile home rented by his parents from appellees, Bard and Charlotte Rosenberg. At that time the statute of limitations for personal injuries was two years. *See* 42 Pa. C.S.A. § 5524. On March 20, 1984, the two year statute ran on appellant's injury. Effective June 29 of that year, the legislature changed Pennsylvania law by providing that when a minor is injured the applicable

statute of limitations does not start to run until the minor turns eighteen. *See* 42 Pa. C.S.A. § 5533. On November 22, 1985, appellant filed his complaint in the above captioned matter, alleging that his injuries resulted from appellees' negligence. After a hearing in limine, the trial court granted the appellees' motion to dismiss. The court held that appellant's cause of action arose under the old statute of limitations and thus was barred as of March 19, 1984, since that was two years from the date of his injuries. The court held that the statute was not tolled by appellant's infancy because his claim was barred before the new tolling legislation became effective.

Appellant presents two issues for our review: (1) whether the legislation tolling the statute of limitations during minority applies retroactively to revive claims barred under prior law; and (2) whether the equitable discovery rule tolls the statute of limitations for a minor-plaintiff whose infancy causes him to be unaware of the cause of his injury.

As a general rule, a statute of limitations applies equally to minors and adults unless the statutory language expressly exempts infants. *See* 51 Am.Jur.2d *Limitation of Actions* § 182. Appellant was injured in 1982 and at that time the statute of limitations for personal injuries was two years. 42 Pa.C.S.A. § 5524. In *Peterson v. Delaware River Ferry Co.*, 190 Pa. 364, 42 A. 955 (1899), the Supreme Court of Pennsylvania held that the Pennsylvania statute made no exceptions in favor of minors. *Id.*, 190 Pa. at 365, 42 A. at 955. *See also Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967); *Walker v. Mummert*, 394 Pa. 146, 146 A.2d 289 (1958). In 1978 the legislature emphasized that such was the law of Pennsylvania with a statutory declaration that:

> Except as otherwise provided by statute, infancy, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

42 Pa.C.S.A. § 5533 (since repealed).

Effective June 29, 1984, this statute was amended to read:

§ 5533 Infancy, insanity or imprisonment.

(a) General rule.—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

(b) Infancy.—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subchapter the term "minor" shall mean any individual who has not yet attained the age of 18.

Therefore, prior to June 29, 1984 the statute of limitations for personal injury actions was two years for adults and infants alike. However, under current law, the statute of limitations does not start to run until an injured child reaches the age of eighteen.

Appellant's claim was barred on March 19, 1984, two years after his injury and three months prior to the change of law mandated by amended § 5533. Appellant requests that we allow his suit to proceed even though he did not file his claim until November, 1985. He asserts that amended § 5533 should apply retroactively and revive his previously barred claim.

■ In *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 508 A.2d 330 (1986), a panel of this court considered a similar issue and concluded that the new statute should not be applied retroactively. *Id.*, 352 Pa.Superior Ct. at 426, 508 A.2d at 333. The court cited The Statutory Construction Act which provides: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. § 1926. The court then noted that "there is no clear and manifest intent by the General Assembly that 42 Pa.C.S.A. § 5533(b) be applied retroactively." *Maycock*, 352 Pa.Super at 426, 508 A.2d at 333. The court also stated that as a general principle, "after an action has become barred by an existing statute

of limitations, no subsequent legislation will remove the bar or revive the action." *Id.*, 352 Pa.Superior Ct. at 427, 508 A.2d at 334. *See also Clark v. Jeter*, 358 Pa.Super. 550, 518 A.2d 276 (1986). Therefore, appellant cannot rely on § 5533 to revive his barred claim and we must uphold the dismissal of his suit unless some other exception to the statute of limitations is applicable.

Applicant claims that the discovery rule is such an exception. However, for the following reasons it is inapplicable to this case. The discovery rule prevents the statute of limitations from commencing until the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. *Pastierik v. Duquesne Light Co.*, 341 Pa.Super. 329, 332, 491 A.2d 841, 842 (1985). The rule is an equitable provision created to protect plaintiffs who are unaware either that they have been injured or of who caused their injury. As our Supreme Court stated in *Pocono Intern. Raceway v. Pocono Produce*, 503 Pa. 80, 468 A.2d 468 (1983):

> Thus, in a case of substantive injury in which, unknown to the plaintiff, the defendant removes coal from his land via access originating on the defendant's land, the inability of the plaintiff, despite the exercise of diligence, to know of the trespass, tolls the running of the statute for no amount of vigilance will enable him to detect the approach of a trespasser who may be working his way through the coal seams underlying adjoining lands, and until such time as the plaintiff discovers, or reasonably should have discovered, the trespass, the running of the statute is tolled.
>
> . . . .
>
> The salient point giving rise to the equitable application of the exception of the discovery rule is the inability, despite the exercise of diligence by the plaintiff, to know of the injury.

*Id.*, 503 Pa. at 85, 468 A.2d at 471.

Appellant argues that we should apply the discovery rule to the instant case. He claims that because of his infancy

he was unaware of who caused his injury. Therefore, the equitable discovery rule should toll the statute of limitations from commencing to run. We do not accept this argument, though we do admire counsel's creativity and thoughtfulness.

■ As previously stated, the discovery rule provides that the statute is tolled until the plaintiff knows or should know (1) he has been injured, and (2) who caused the injury. Appellant does not dispute that when he burned his hand he was aware that he was injured. He claims only that as a very young infant he could not possibly have been aware of who or what caused the injury. He asserts that his limited analytical powers were incapable of connecting his burn with the heater or the persons responsible for the heater. However, Pennsylvania courts have consistently emphasized that the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts. *See Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985). As the *Burnside* court stated: "The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. It is a community standard." *Id.,* 351 Pa.Superior Ct. at 292, 505 A.2d at 988. Therefore, appellant's own lack of knowledge is irrelevant. The statute may only be tolled if an ordinary, reasonable person who had been burned by a heater would be unable to determine the cause of his injury. Appellant makes no such claim and indeed such an assertion would border on the absurd. Any adult or child beyond infancy who burned his hand on a heater would know that the appliance caused his injury. Therefore, the statute began to run in this case as soon as the injury occurred. It does not matter whether a plaintiff is aware that someone may be legally responsible for his injury. Once he knows or should know the cause of that injury, he must investigate the situation and ascertain who might be legally culpable. *Besardi v. Johns-Manville Corp.,* 334 Pa.Super. 36, 43–44, 482 A.2d 1067, 1071 (1984).

■ Appellant's counsel has offered no reason why his client might have been unaware of the cause of the burn except that appellant possessed very limited mental powers at the time of the incident. However, these limited mental powers were the natural result of appellant's infancy. In reality, appellant was unaware of the cause of his injury because he was an infant. Yet, at the time he was injured our courts and legislature had each stated that infancy should not toll the running of the statute of limitations. *See* 42 Pa.C.S.A. § 5533; *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967). If we were to accept appellant's argument we would be utilizing the discovery rule to subvert this principle. At the time of appellant's injury, infancy did not toll the statute of limitations. No matter how ingeniously a litigant phrases his argument we will not allow him to circumvent this rule.

For the foregoing reasons, the order of the Court of Common Pleas of Crawford County is affirmed.