616 A.2d 1040

Kandi FORNWALT

v.

Harry R. FOLLMER, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Nov. 24, 1992.

Norman M. Lubin, Williamsport, for appellant.

Dudley N. Anderson, Williamsport, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

Harry R. Follmer, Jr. appeals from the January 29, 1992 support order entered by the Court of Common Pleas of Lycoming County. This order affirmed the master's calculation of the amount of support that appellant owes for his son, Brock Hayden Hoover, for the years 1989 to the present. Appellee, Kandi Fornwalt, filed the present support action in 1989, alleging that appellant was Brock's father. Appellant argues that the trial court erred by failing to apply the doctrine of res judicata, which he contends was applicable since appellee instituted a prior support action that was dismissed based upon the statute of limitations in effect at that time. The res judicata defense was rejected based upon a new statute, 23 Pa.C.S. § 4343(b)(2). This statute retroactively extended the limitation period for paternity claims to eighteen years, even when a claim previously had been dis-

missed due to the prior, shorter limitation period. In this appeal, appellant contends that this statute is unconstitutional *ex post facto* legislation which denied him the benefit of his prior judgment by removing the bar of the prior statute of limitations.[1] We affirm.

The procedural history of this case is as follows. Appellee first filed a paternity action against appellant on behalf of her son, Brock, born in 1977, on May 16, 1986. Appellant filed an answer and new matter asserting that the claim was barred by the six year statute of limitations for such claims in effect at the time that Brock was born. *See* 42 Pa.C.S. § 6704(e) (repealed October 30, 1985, effective in ninety days). The trial court dismissed appellee's claim by an order dated February 18, 1987. No appeal of record was filed.

On April 6, 1989, appellee filed the present paternity claim and contended that it was timely since it was instituted within a new period of limitation of eighteen years from birth of the child as set forth in 23 Pa.C.S. § 4343(b)(1). That section provides: "An action or proceeding to establish the paternity of a child born out of wedlock must be commenced within eighteen years of the date of birth of such child." On January 12, 1990, the trial court granted appellant summary judgment on the basis of res judicata. Appellee filed an appeal. In *Fornwalt v. Follmer*, 409 Pa.Super. 660, 589 A.2d 1180 (1991), we reversed and remanded for the trial court to consider the application of res judicata in light of new legislation, 23 Pa.C.S. § 4343(b)(2) (enacted December 20, 1990), which provides:

> As of August 16, 1984, the requirement of paragraph (b)(1) shall also apply to any child for whom paternity has not yet been established *and* any child for whom a paternity action was brought but dismissed because of a prior statute of limitations of less that 18 years.

(Emphasis added). On remand, the trial court determined that res judicata did not apply since the claim was filed within

---

1. We note that appellant gave notice of his constitutional challenge to the statute to the Attorney General in accordance with Pa.R.C.P. 235. The Attorney General elected not to respond.

the period during which the legislature expressed its clear intent retrospectively to extend the eighteen-year limitation period for paternity claims, even those claims previously dismissed based upon the prior limitations period. On July 2, 1991, a jury determined that appellant was the father of Brock. This appeal followed the entry of the previously described support order.

■ Appellant first maintains that res judicata applies and bars appellee's claim. We have held:

> For the doctrine of res judicata to prevail there must be a concurrence of four conditions: (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued.... A final judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.

*Day v. Volkswagenwerk Aktiengesellshaft,* 318 Pa.Super 225, 232, 464 A.2d 1313, 1316–17 (1983) (citations and emphasis omitted); *see also Gardner v. Gardner,* 371 Pa.Super. 256, 538 A.2d 4 (1988). Instantly, appellant observes that the prior action clearly involved the same issues, an identical cause of action, the same persons, and parties in the same quality or capacity. Appellant continues by noting that we have held that legislation which retrospectively denies a person the benefit of res judicata after the entry of a judgment unconstitutionally removes a bar or revives an action *ex post facto* in violation of Article I, Section 17 of the Pennsylvania Constitution. In support of this assertion, he relies upon *Maycock v. Gravely,* 352 Pa.Super. 421, 508 A.2d 330 (1986) (after action has become barred by an existing statute of limitations, no subsequent legislation may remove the bar or revive the action) and *Overmiller v. D.E. Horn Co.,* 191 Pa.Super 562, 159 A.2d 245 (1960) (legislature may not revive claims which already had been barred). He further contends that this represents not merely a procedural matter but a situation in which the prior limitations statute already has been invoked to

bar appellee's claim. Consequently, appellant claims that he has a vested right to rely on the prior judgment.

We initially note that we upheld the validity of the six-year statute of limitations in *Clark v. Jeter*, 358 Pa.Super. 550, 518 A.2d 276 (1986), wherein we determined that 42 Pa.C.S. § 6704(e) furthered the state's interest in protecting against stale claims brought on unreliable evidence. However, the United States Supreme Court reversed in *Clark v. Jeter*, 486 U.S. 456, 463–464, 108 S.Ct. 1910, 1915–1916, 100 L.Ed.2d 465, 473–474 (1988), holding:

Pennsylvania's 6–year statute of limitations violates the Equal Protection Clause. Even six years does not necessarily provide a reasonable opportunity to assert a claim on behalf of an illegitimate child. . . .

. . . [T]he 6–year statute of limitations is not substantially related to Pennsylvania's interest in avoiding the litigation of stale or fraudulent claims. In a number of circumstances, Pennsylvania permits the issue of paternity to be litigated more than six years after the birth of an illegitimate child. The statute itself permits a suit to be brought more than six years after the child's birth if it is brought within two years of a support payment made by the father. And in other types of suits, Pennsylvania places no limits on when the issue of paternity may be litigated. For example, the intestacy statute, 20 Pa.Cons.Stat. § 2107(3) (1982), permits a child born out of wedlock to establish paternity as long as "there is clear and convincing evidence that the man was the father of the child." Likewise, no statute of limitations applies to a father's action to establish paternity.

The Supreme Court clearly held 42 Pa.C.S. § 6704(e) unconstitutional. In response to this decision, our legislature enacted 23 Pa.C.S. § 4343(b)(2). The issue before us, then, is whether this new statute, by retroactively depriving appellant of the benefit of the prior judgment to bar appellee's present claim through res judicata, unconstitutionally *ex post facto* deprives him of his right to rely on the prior judgment.

We conclude that it does not. It is clear to us that the effect of the Supreme Court's decision is to render the prior

statute of limitations for paternity actions wholly void, so that in reality it amounted to a nullity. *See Chicago, I & L. Rail Co., v. Hackett,* 228 U.S. 559, 33 S.Ct. 581, 57 L.Ed. 966 (1913); *Norton v. Shelby County,* 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886) (statute declared unconstitutional is void and of no effect). Consequently, the former statute of limitations is ineffective for any purpose since its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so. It is as if it were never enacted. *Chicago, I & L. Rail Co., supra; G.H. McShane Co., Inc. v. Travelers Indemnity Co.,* 262 Pa.Super. 80, 396 A.2d 654 (1978). As a result, the statute confers no rights and justifies no actions performed under it with limited exceptions. *See Box Office Pictures, Inc. v. Board of Finance & Revenue,* 402 Pa. 511, 166 A.2d 656 (1961) (statute is void ab initio and only remains an operative fact to be given effect where equities cannot be ignored).

Instantly, we do not find that the equities require us to give effect to appellant's prior judgment obtained pursuant to the unconstitutional statute. He is Brock's father, and support by both parents is in accord with our public policy to promote the best interests of the child. *See* 23 Pa.C.S. § 5301. Accordingly, we conclude that the prior statute of limitations is void ab initio, the judgment rendered pursuant to the statute has no effect, and the cases upon which appellant relies are readily distinguishable.

Order affirmed.