**Hunsinger v. Bussey**

*Andrea Hudak,* for plaintiff.
*Paul R. Beckert Jr.,* for defendant.

BIEHN, *P.J.,* May 19, 1993—After a stipulated hearing on April 5, 1993, in the instant paternity action, this court entered an order finding defendant the father of the child in question. Post-trial motions were timely filed and are now before us. For reasons stated below, all post-trial motions are hereby denied.

At the hearing, it was agreed by the parties that Teana Hunsinger (a/k/a Teana Derry), the mother, would testify that at the relevant time of conception she had intercourse with defendant only. It was further stipulated that defendant would admit that during the relevant time period he had intercourse with the mother. DNA results were also entered into evidence which showed that the prob-

ability of paternity was 99.99 percent. Consequently, a finding of paternity was made.

The only issue now before this court is a procedural one. The instant action is the second paternity action between the same parties. The first case (under the same term and number) ended in a compulsory nonsuit in defendant's favor when the mother did not appear. There was never a judicial determination on the merits regarding the issue of paternity. Defendant now argues that the instant action is barred by the former action. After the compulsory nonsuit was entered, no post-trial relief was requested although the mother was represented by counsel.

Defendant contends that Rule 231(b) of the Rules of Civil Procedure bars the case now before us.

The rule reads as follows:

"Rule 231. *Second Action*"

"(b) After the entry of a compulsory nonsuit the plaintiff may not commence a second action upon the same cause of action.

"NOTE: For the right to move to take off a compulsory nonsuit, see Rule 227.1." Pa.R.C.P. 231, 42 Pa.C.S.

Defendant has raised this same issue previously in preliminary objections and in a motion for judgment on the pleadings. Both were denied by the Honorable Leonard B. Sokolove of this court.[*] We now, once again, reject defendant's argument.

---

[*] Judge Sokolove certified the matter as involving a controlling question of law as to which there was a substantial ground for difference of opinion so as to permit an interlocutory appeal from the preliminary objections. However, the Pennsylvania Superior Court denied defendant's petition for permission to appeal.

A child's right to be adequately supported cannot be bargained away by his or her parents.

"It is firmly settled that, in Pennsylvania, one parent cannot contract away the right of his or her child to seek adequate support from the other parent. 'Agreements or disputes are almost irrelevant when balanced against the overwhelming concern of the law with the welfare of children.' " *Oman v. Oman,* 333 Pa. Super. 356, 361, 482 A.2d 606, 609 (1984). (citations omitted)

We believe it is the duty of this court to focus on the best interest of the child before us. To allow a procedural rule to defeat the rights of this child obviously is not in her best interest. Furthermore, her mother cannot sacrifice her rights or sign them away. It clearly follows from this that her mother cannot deprive her of support by an act of omission, that is, failing to appear in court.

In *Fornwalt v. Follmer,* 420 Pa. Super. 413, 616 A.2d 1040 (1992), the court considered a procedural question in the context of a paternity action. The issue was as follows:

"Appellant argues that the trial court erred by failing to apply the doctrine of res judicata, which he contends was applicable since appellee instituted a prior support action that was dismissed based upon the statute of limitations in effect at that time. [42 Pa.C.S. §6704(e).] The res judicata defense was rejected based upon a new statute, 23 Pa.C.S. §4343(b)(2). This statute retroactively extended the limitation period for paternity claims to 18 years, even when a claim previously had been dismissed due to the prior, shorter limitation period. In this appeal, appellant contends that this statute is unconstitutional ex post facto legislation which denied him the benefit of

his prior judgment by removing the bar of the prior statute of limitations. We affirm. 420 Pa. Super. at 414-15, 616 A.2d at 1041. (footnote omitted)

The court gave the following reasons for affirming the trial court:

"We initially note that we upheld the validity of the six-year statute of limitations in *Clark v. Jeter,* 358 Pa. Super. 550, 518 A.2d 276 (1986), wherein we determined that 42 Pa.C.S. §6704(e) furthered the state's interest in protecting against stale claims brought on unreliable evidence. However, the U.S. Supreme Court reversed in *Clark v. Jeter,* 486 U.S. 456, 463-64, 108 S.Ct. 1910, 1915-16, 100 L.Ed.2d 465, 473-74 (1988), holding:

" 'Pennsylvania's six-year statute of limitations violates the Equal Protection Clause. Even six years does not necessarily provide a reasonable opportunity to assert a claim on behalf of an illegitimate child.... [T]he six-year statute of limitations is not substantially related to Pennsylvania's interest in avoiding the litigation of stale or fraudulent claims. In a number of circumstances, Pennsylvania permits the issue of paternity to be litigated more than six years after the birth of an illegitimate child. The statute itself permits a suit to be brought more than six years after the child's birth if it is brought within two years of a support payment made by the father. And in other types of suits, Pennsylvania places no limits on when the issue of paternity may be litigated. For example, the intestacy statute, 20 Pa.C.S. §2107(3) (1982), permits a child born out of wedlock to establish paternity as long as "there is clear and convincing evidence that the man was the father of the child." Likewise, no statute of limitations applies to a father's action to establish paternity.

" 'The Supreme Court clearly held 42 Pa.C.S. §6704(e) unconstitutional. In response to this decision, our legislature enacted 23 Pa.C.S. §4343(b)(2). The issue before us, then, is whether this new statute, by retroactively depriving appellant of the benefit of the prior judgment to bar appellee's present claim through res judicata, unconstitutionally ex post facto deprives him of his right to rely on the prior judgment.

" 'We conclude that it does not. It is clear to us that the effect of the Supreme Court's decision is to render the prior statute of limitations for paternity actions wholly void, so that in reality it amended to a nullity. Consequently, the former statute of limitations is ineffective for any purpose since its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so. It is as if it were never enacted. As a result, the statute confers no rights and justifies no actions performed under it with limited exceptions.

" 'Instantly, we do not find that the equities require us to give effect to appellant's prior judgment obtained pursuant to the unconstitutional statute. He is Brock's father, and support by both parents is in accord with our public policy to promote the best interests of the child. See 23 Pa.C.S. §5301. Accordingly, we conclude that the prior statute of limitations is void ab initio, the judgment rendered pursuant to the statute has no effect, and the cases upon which appellant relies are readily distinguishable.' " *Fornwalt v. Follmer,* 420 Pa. Super. at 417-18, 616 A.2d at 1042-43. (citations omitted)

So, too, in the instant case, we believe that the public policy of promoting the best interests of the child must

prevail over a Rule of Civil Procedure. After reviewing the evidence presented, we made a determination that defendant is the father of the child in question and we see no reason now to reverse that determination.

Accordingly, we enter the following

## ORDER

And now, May 19, 1993, it is hereby ordered and directed that defendant's post-trial motions are denied.