J-S46012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHIED I. JONES, | |
| Appellant | No. 3377 EDA 2015 |

Appeal from the PCRA Order Entered October 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002298-2009

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 15, 2016**

Appellant, Shahied I. Jones, appeals from the post-conviction court's October 19, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In February of 2010, Appellant was convicted by a jury of possession with intent to deliver cocaine.  On March 8, 2010, he was sentenced to a term of 7 to 14 years' imprisonment, which "include[d] a mandatory minimum sentence that was imposed pursuant to 18 Pa.C.S. § 7508(a)(3)(iii)."  PCRA Court Opinion, 12/3/15, at 1; **see also** 18 Pa.C.S. § 7508(a)(3)(iii) (directing a mandatory minimum sentence of 4 years' incarceration where the weight of the substance possessed "is at least 100

_____

[*] Retired Senior Judge assigned to the Superior Court.

grams"). Appellant filed a timely notice of appeal with this Court, but that appeal was dismissed due to his failure to file a docketing statement.

However, Appellant filed a timely PCRA petition seeking the restoration of his direct appeal rights, which the court granted. He again appealed, and this Court affirmed his judgment of sentence on August 15, 2012. ***Commonwealth v. Jones***, 60 A.3d 572 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Thus, his judgment of sentence became final on September 14, 2012. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

On July 6, 2015, Appellant filed a counseled PCRA petition. On September 24, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Appellant filed a response, but on October 19, 2015, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents one issue for our review:

> 1. Whether the PCRA court erred in not vacating [] Appellant's mandatory-minimum sentence, which was unconstitutional, and therefore void *ab*[]*initio*, as the mandatory sentencing statute in

Pennsylvania has been ruled unconstitutional pursuant to **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), where [] Appellant filed his petition for relief within thirty (30) days of the date the newly recognized right was decided by the Pennsylvania Supreme Court?

Appellant's Brief at 5 (unnecessary capitalization and emphasis omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final in September of 2012 and, thus, his petition filed on July 6, 2015, is patently untimely. For this Court to have jurisdiction to review the merits of Appellant's claims, he must prove the applicability of one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1).

In this regard, Appellant attempts to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). This Court has explained the requirements for satisfying the 'new constitutional right' exception, as follows:

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to

- 4 -

cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (quoting

*Commonwealth v. Seskey*, 86 A.3d 237, 242-43 (Pa. Super. 2014)).

In attempting to meet this exception, Appellant primarily relies our Supreme Court's decision in *Hopkins*. There, the Court held that the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") is unconstitutional in its entirety, as certain provisions of that statute do not adhere to the rule announced by the United States Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). *See Hopkins*, 117 A.3d at 262.

Initially, Appellant incorrectly states that the court imposed a mandatory minimum sentence in his case under the statute invalidated in *Hopkins*, which was 18 Pa.C.S. § 6317. *See* Appellant's Brief at 3. The record instead reveals that Appellant's mandatory minimum sentence was imposed under 18 Pa.C.S. § 7508, based on the weight of the drugs possessed by Appellant. *See* N.T. Sentencing Hearing, 3/8/10, at 4. Thus, *Hopkins* is inapplicable on its face.

In any event, even if Appellant had been sentenced under the statute held unconstitutional in *Hopkins*, he would still be unable to meet the timeliness exception of section 9545(b)(1)(iii) based on that decision. First,

*Hopkins* did not announce a new constitutional right; instead, the *Hopkins* Court simply assessed the validity of section 6317 under the rule announced in *Alleyne*, and subsequent decisions by the Courts of this Commonwealth, and concluded that section 6317 is unconstitutional. Second, even if *Hopkins* did announce a new rule, no decision by our Supreme Court or the United States Supreme Court has held that *Hopkins* applies retroactively to untimely, post-conviction petitioners such as Appellant. Consequently, Appellant's reliance on *Hopkins* cannot satisfy the timeliness exception of section 9545(b)(1)(iii).[1]

We recognize that in *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014), this Court deemed section 7508 (the mandatory minimum sentencing statute applied in this case) unconstitutional under *Alleyne*. Appellant cites *Fennell* in contending that his mandatory minimum sentence is "a nullity" that must be vacated, regardless of the untimeliness of his

_____

[1] Even though Appellant does not expressly rely on *Alleyne*, we note that this Court has held that *Alleyne* does not satisfy the exception of section 9545(b)(1)(iii), because "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Miller*, 102 A.3d at 995. Indeed, in the recent decision of *Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 19, 2016) (No. 37 EAP 2015), our Supreme Court held that *Alleyne* does *not* apply retroactively to collateral attacks on mandatory minimum sentences. However, if at some point the United States Supreme Court holds that *Alleyne* *does* apply retroactively to collateral review, Appellant may file a PCRA petition, within 60 days of that decision, asserting the timeliness exception of section 9545(b)(1)(iii).

petition, because "an unconstitutional statute is ineffective for any purpose[,]" and "[i]t is as if it were never enacted."  Appellant's Brief at 9, 11 (quoting *Fornwalt v. Follmer*, 616 A.2d 1040 (Pa. Super. 1992)).  However, as we stressed in *Miller*, "in order for this Court to review a legality of sentence claim, there must be a basis for our *jurisdiction* to engage in such review."  *Miller*, 102 A.3d at 995 (emphasis added; citations omitted).  The only way for an untimely PCRA petitioner to trigger this Court's jurisdiction to review his illegal sentence is for him to prove the applicability of one of the PCRA's timeliness exceptions.  *See Miller*, 102 A.3d at 992 ("Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.") (citations and internal quotation marks omitted).  Because we conclude, for the reasons stated *supra*, that Appellant has not met this burden, we are without jurisdiction to vacate his mandatory minimum sentence.  Accordingly, we affirm the PCRA court's order denying Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/15/2016</u>